**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**No. 21-4284**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

DUANE MAURICE BURTON,

     Defendant - Appellant.

---

**No. 21-4285**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

DUANE MAURICE BURTON,

     Defendant - Appellant.

---

**No. 21-4286**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DUANE MAURICE BURTON,

Defendant - Appellant.

---

Appeals from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:09-cr-00574-RDB-1; 1:09-cr-00164-RDB-1; 1:20-cr-00010-RDB-1)

---

Submitted:  December 21, 2021                    Decided:  December 22, 2021

---

Before KING and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Marc Gregory Hall, LAW OFFICE OF MARC G. HALL, P.C., Greenbelt, Maryland, for Appellant.  Paul Anthony Riley, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In three separate criminal cases, Duane Maurice Burton pleaded guilty, pursuant to a plea agreement, to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), (f), and two violations of his supervised release conditions based on those robberies. The district court sentenced Burton to 144 months on the bank robbery convictions, to be served concurrently, and 24 months on the supervised release violations to be served consecutively to the bank robbery sentences.

In these consolidated appeals, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), challenging the reasonableness of Burton's sentence. In his pro se brief, Burton raises additional arguments. The Government has moved to dismiss the appeals as untimely.

A defendant in a criminal case must file the notice of appeal within 14 days after entry of the order being appealed. Fed. R. App. P. 4(b)(1)(A)(i). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4). Although the appeal period in a criminal case is not a jurisdictional provision but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), we "must dismiss" the appeal "[w]hen the Government promptly invokes the rule in response to a late-filed criminal appeal," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017).

Here, the district court entered the judgments on January 25, 2021. Burton's pro se notice of appeal was dated both March 2 and May 25, 2021. *See Houston v. Lack*, 487 U.S. 266, 274 (1988) (discussing prison mailbox rule). Even granting Burton the benefit

3

of the doubt and assuming he filed the notice of appeal with the prison mailing system on March 2, the notice was filed after the 14-day appeal period expired. Because Burton failed to file a timely notice of appeal or to obtain an extension of the appeal period and the Government has promptly invoked the appeals' untimeliness, *see* 4th Cir. R. 27(f)(2), we grant the Government's motion to dismiss the appeals.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*